UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH A. JENNINGS,

    Plaintiff,

v.

CREDIT COLLECTION SERVICES, INC.,

    Defendant.

                                       /

Case No. 8:20-cv-00377

## COMPLAINT

**NOW COMES** Judith A. Jennings ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Credit Collection Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, Plaintiff resides in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a third party debt collection agency with its principal place of business located at 725 Canton Street, Norwood, Massachusetts 02062.

6. Defendant's primary purpose is collecting or attempting to collect defaulted consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Florida.

## FACTS SUPPORTING CAUSES OF ACTION

7. In early 2019, Plaintiff had services performed by Quest Diagnostics, Inc. resulting in a balance of $74.46.

8. Due to financial hardship, Plaintiff was unable to satisfy the remaining balance and Defendant acquired the rights to collect the outstanding balance ("subject debt").

9. On December 1, 2019, Defendant sent a dunning letter to Plaintiff stating: "adverse credit information is scheduled to be reported to a credit bureau(s). To avoid credit reporting, your immediate attention is required." *See* attached Exhibit A, a true and correct copy of the collection letter sent by Defendant to Plaintiff ("Collection Letter").

10. The Collection Letter misleadingly fails to identify a deadline or amount of days Plaintiff has until the debt is reported to a credit reporting agency.

11. Therefore, Defendant's Collection Letter seeks to induce Plaintiff into immediately paying the subject debt by threatening to negatively impact Plaintiff's credit.

12. Plaintiff was confused as to how long she had to make a payment in order to prevent the allegedly scheduled reporting.

13. Moreover, as there is no due date, Plaintiff was bamboozled by Defendant's demand for "immediate attention," as Plaintiff could make a payment Defendant determines not be "immediate" enough and still report the subject debt to a credit reporting agency.

14. Defendant's unfair techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay the subject debt.

## DAMAGES

15. Defendant's wanton and malicious conduct has severely affected Plaintiff's daily life and general well-being.

16. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

17. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

18. Defendant's activities have caused Plaintiff actual harm, including but not limited to, emotional distress, anxiety, embarrassment, monetary losses, and loss of concentration.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22. Defendant is a "debt collector" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector[s]" because they acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §1692e, e(10), and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

26. Defendant violated §§1692e and e(10) when they used false, deceptive, and misleading means in connection to the alleged subject debt.

27. Defendant violated 15 U.S.C. §1692e(10) when it informed Plaintiff "immediate attention is required" in effort to coerce Plaintiff into making a payment toward the subject debt. Defendant failed to provide Plaintiff with a proper deadline or timeframe of which it intends to report the debt to any credit bureau. Defendant intended to cause Plaintiff to feel she has no option but to immediately pay the subject debt to avoid reporting to credit bureaus.

### b. Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated 15 U.S.C. §1692f when it communicated that immediate action was required to prevent Defendant from reporting the debt to credit bureaus. Defendant's actions

intended to force Plaintiff into making an immediate payment toward the subject debt to prevent negative reporting on Plaintiff's credit.

30. As an experienced debt collector, Defendant knew or should have known the ramifications of improperly advising Plaintiff of a deadline it intends to report the subject debt to credit bureaus.

31. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff JUDITH A. JENNINGS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 19, 2020

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com

5